**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| ANGELA FLETCHER, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CAUSE NO. 03-CV-857-WDS |
| ) | |
| STATE OF ILLINOIS, ILLINOIS ) | |
| DEPARTMENT OF CORRECTIONS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

This matter is before the Court on defendant's motion for summary judgment on the claims of plaintiff Angela Fletcher (Doc. 55).[1] Plaintiff is one of twelve plaintiffs who have filed suit against the State of Illinois Department of Corrections for alleged discrimination on the basis of sex in the terms, conditions and privileges of employment and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.[2]

The defendant seeks summary judgment on the grounds that plaintiff brings this claim because she did not file a charge of discrimination within 300 days of the alleged improper conduct, and that her charge of discrimination did not set forth, with some specificity, the conduct giving rise to her claims, and that she did not file her complaint within 90 days of receiving a right to sue letter.

---

[1] Plaintiff is identified in some of the exhibits as "Angela Mifflin," and as "Angela Mifflin-Fletcher".

[2] This motion arises from two cases which are consolidated. The original action, 03-857, *Walker v. State of Ill. Dep't of Corrections*, sought recovery for discrimination based on sex and retaliation. The second, *Fletcher v. Dep't of Corrections*, 04-153, was filed on behalf of 12 plaintiffs, including plaintiff Walker from 03-857, and seeks recovery against IDOC for discrimination based on sexual harassment and retaliation.

## BACKGROUND

Plaintiff is a female correctional officer for the Illinois Department of Corrections at the Menard prison facility. In Count I of the complaint (filed in Cause No. 04-153), Fletcher claims that she was subjected to various forms of sexual harassment by correctional officer Lou Stout, including unwanted touching, kissing, and groping. Fletcher alleges that she reported this behavior to her supervisor, Sgt. Steve Mifflin, who did nothing. She also reported the behavior to Captain Doug Lyeria who agreed to talk to Stout. The unwanted behavior allegedly continued, occurring at an employee Christmas party and again two weeks later. Stout was placed on administrative leave.

Fletcher alleges that after Stout was placed on leave, she returned to an environment that was hostile, and that she suffered retaliation from other employees. She alleges that she discussed the retaliation actions with Tom Caroway, from Internal Affairs, and although he agreed to look into it, nothing was done.

Fletcher transferred to another shift, but alleges that the retaliation continued. She was thereafter assigned to work in "North 2 Seg" and alleges that the hostile environment worsened in that she was given assignments to move inmates in a manner that was contrary to official policy and practice; that she was assigned without being given instruction on her assignment, and that male employees were given instruction for assignments; that she was told that women should not be able to work in the "electric eye" (the prison entrance) where she had been transferred, and that she was only assigned there because she had filed her harassment suit; that she was threatened to "watch her mouth" and to "be careful" while on the gallery; that she received threatening letters from inmates but was left to feed that inmate herself; that tickets she

wrote for inmate behavior would "disappear"; that she was assigned in October of 2000 to work in "North 2 Annex" which was where other female employees who complained were sent to work; and, that when she was interviewed by Internal Affairs, she was told that she was "whining."

## REVIEW STANDARDS

### 1. Filing of the EEOC Complaint

The defendant asserts that plaintiff did not file her EEOC complaint in a timely manner and therefore cannot maintain this action. Initially, the defendant asserts that plaintiff did not file her complaint within 300 days of the complained-of action. Specifically, the defendant asserts that the claims of sexual harassment were not included in her EEOC complaint, only her claims of retaliation were included and that some of the allegations in her complaint, specifically the May through October 2000 claims, were not part of the EEOC complaint and cannot now be raised in this action. Plaintiff asserts that she filed her verified questionnaire with the EEOC within 300 days of the January 27, 2000, incident and that the Court should treat the verified questionnaire as a complaint. The EEOC charge of discrimination (Pl. Ex. 58) was filed by plaintiff on January 4, 2001. It alleges retaliation, and indicates a date of February 21, 2000, as the beginning and ending dates. (*Id.* pp. 12-14). The EEOC questionnaire is dated 10/25/2000 (Ex. 58 pp. 50-56). In it Fletcher provides that she reported that she had been sexually harassed on or about February 21, 2000, and that the harassment was by a fellow officer.

As a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in her EEOC charge. *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47 (1974). This rule serves the dual purpose of affording the EEOC and the employer an opportunity to settle the

dispute through conference, conciliation, and persuasion. *Id*. at 44. In addition, it gives the defendant some warning of the conduct about which the employee complains. *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992). This rule is not jurisdictional, *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 392(1982), but it is a condition precedent with which the plaintiffs must comply. *Babrocky v. Jewel Food Co.*, 773 F.2d 857, 864 (7th Cir. 1985). The Seventh Circuit has noted that:

> Were the private party permitted to add claims that had not been presented in the administrative charge filed with the EEOC, the Commission's informal procedures for resolving discrimination charges, see 42 U.S.C. § 2000e-5(b); 29 C.F.R. § 1601.24, would be by-passed, in derogation of the statutory scheme. *Great American Federal Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366, 375-76; *Cable v. Ivy Tech State College*, 200 F.3d 467, 476- 77 (7th Cir. 1999); *Anjelino v. New York Times Co.*, 200 F.3d 73, 93 (3d Cir. 1999).

*EEOC v. Caterpillar, Inc.*, 409 F.3d 831, 833 (7th Cir. 2005). Therefore, allowing a complaint to include allegations outside the ambit of the EEOC charge would frustrate the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge.

The Court is aware, however, that because most EEOC charges are completed by laypersons and not by lawyers, a Title VII plaintiff need not allege in an EEOC charge each and every fact that combines to form the basis of each claim in her complaint. *Taylor v. W. & S. Life Ins. Co.*, 966 F.2d 1188, 1195 (7th Cir. 1992). Therefore, Title VII claims set forth in a complaint are cognizable if they are "like or reasonably related to the allegations of the charge and growing out of such allegations." *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 167 (7th Cir. 1976) (*quoting Danner v. Phillips Petroleum Co.*, 447 F.2d 159, 162 (5th Cir. 1971)). Thus, if there is a reasonable relationship between the allegations in the charge and the claims in the complaint, then the claims will be allowed to go forward. Here, the Court **FINDS**

4

that there is a reasonable relationship between the actions alleged to have been taken against plaintiff and her claims of sexual harassment by Stout. Whether plaintiff can prove that these acts were related is a matter to be determined at trial. For purposes of this summary judgment motion, however, it appears that plaintiff has sufficiently shown that the allegations of retaliation and harassment were linked in time and motivation, and therefore, the Court **DENIES** defendant's motion for summary judgment based on the timeliness of filing the EEOC complaint.

### 2. Plaintiff's Claims of Retaliation

The Seventh Circuit noted in *Whitaker v. N. Ill. Univ.* 424 F.3d 640, 648 (7th Cir. 2005), that the standards for "actionable adverse action for discrimination claims under § 2000e-2(a) and retaliation claims under § 2000e-3(a) are not identical." *Id.* at 647. "Section 2000e-3(a) is 'broader' than § 2000e-2(a) in the sense that retaliation may take so many forms, while § 2000e-2(a) is limited to discrimination 'with respect to [the worker's] compensation, terms, conditions, or privileges of employment.' *Id.* (*quoting Washington v. Ill. Dep't of Revenue*, 420 F.3d 658, (7th Cir. 2005)).

To survive summary judgment Fletcher must provide admissible evidence of retaliation under the direct or indirect methods of proof. *See Stone v. City of Indianapolis Pub. Utils. Div.*, 281 F.3d 640, 644 (7th Cir. 2002). Plaintiff has no evidence under the direct method, which requires either an admission of retaliation or statements or conduct from the decision-maker from which retaliation may be inferred. *See, Radue v. Kimberly-Clark Corp.*, 219 F.3d 612, 616 (7th Cir. 2000).

To establish a claim of retaliation under the indirect method, a plaintiff must establish that "(1) after lodging a complaint about discrimination, (2) only [she], and not any otherwise

5

similarly situated employee who did not complain, was (3) subjected to an adverse employment action even though (4) [she] was performing [her] job in a satisfactory manner." *Stone* 281 F.3d at 642. Thereafter, the burden-shifting applies, requiring the defendant to provide a noninvidious reason for the adverse action; "[o]therwise there must be a trial." *Id*. at 644.

Fletcher must show that she suffered an adverse employment action. "Typically, adverse employment actions are economic injuries." *Markel v. Bd. of Regents of Univ. of Wis. Sys*., 276 F.3d 906, 911 (7th Cir. 2002). Of course, "adverse job action is not limited solely to loss or reduction of pay or monetary benefits. It can encompass other forms of adversity as well." *Smart v. Ball State Univ*., 89 F.3d 437, 441 (7th Cir. 1996) (*quoting Collins v. State of Ill.*, 830 F.2d 692, 703 (7th Cir. 1987)). "[T]he adverse action must materially alter the terms and conditions of employment." *Stutler v. Ill. Dep't of Corr*., 263 F.3d 698, 703 (7th Cir. 2001).

The terms and conditions of Fletcher's employment, arguably, were so altered. The plaintiff was allegedly subject to harassing activities by fellow employees at all levels of the institution once she filed her incident report. The Seventh Circuit has held that harassment from fellow workers and gossip can rise to the level of an adverse employment action. *Knox v. State of Ind.*, 93 F. 3d 1327, 1334-35 (7th Cir. 1996) (finding that permitting fellow employees to punish plaintiff for invoking her rights under Title VII, was actionable as retaliation).

An employer's liability for sexual harassment "hinges on whether the harasser is the victim's supervisor or merely a co-employee." *Hall v. Bodine Elec. Co.*, 276 F.3d 345, 355 (7th Cir. 2002). The Seventh Circuit has defined a supervisor as one with the "power to hire, fire, demote, promote, transfer, or discipline an employee." *Parkins v. Civil Constructors of Ill*., Inc., 163 F.3d 1027, 1034 (7th Cir. 1998).

6

Therefore, even if the actions alleged support sexual harassment, for there to be employer liability, plaintiff must show that she suffered tangible employment action. Without this showing, the defendant is entitled to establish an affirmative defense consisting of two elements: "(a) that the employer exercised reasonable care to prevent and correct promptly any . . . harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise." *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 , 765 (1998); *see also Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998).

Here, plaintiff's harassment, in the form of retaliation, allegedly occurred in main part by co-workers throughout the institution. However, plaintiff has detailed activities, as discussed above, of her superiors which occurred after she filed her sexual harassment complaint. The Court **FINDS** that plaintiff has sufficiently alleged that she suffered adverse conditions of her employment after she filed her complaint to survive summary judgment.

## CONCLUSION

Accordingly, the Court **DENIES** defendant's motion for summary judgment as to plaintiff Fletcher on all grounds raised.

**IT IS SO ORDERED.**

**DATED: June 13, 2006.**

                                                    **s/ WILLIAM D. STIEHL**
                                                            **DISTRICT JUDGE**